IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDDIE M. DAVIS,

      Plaintiff,

  v.

PRISON HEALTH SERVICES, *et al.*,

      Defendants.
                                  /

No. C 09-2629 SI

**ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER; DENYING PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY WITHOUT PREJUDICE TO RENEWAL AFTER IN PERSON MEET AND CONFER**

        This order resolves two pending discovery disputes.[1] First, plaintiff seeks a protective order against any further deposition of plaintiff. In 2008, plaintiff was deposed for a total of approximately sixteen hours, and on October 27, 2010, plaintiff was deposed for an additional three and a half hours. Plaintiff asserts that any further deposition is unnecessary, burdensome and harassing. In response, defendants argue that they should be allowed to depose plaintiff for an additional three and a half hours because plaintiff's prior deposition testimony was often vague and evasive, and because defendants need to depose plaintiff about new allegations and claims raised in the second amended complaint. Defendants note that the new claims include, *inter alia*, a conspiracy claim, and that defendants must be able to question plaintiff about what conduct plaintiff believes violated her rights, what conduct was allegedly done in concert, and who was part of the conspiracy. There are five individual defendants and two corporate defendants, and defendants state that not all defendants have been able to question plaintiff about the new allegations.

        The Court finds that plaintiff has not shown that a protective order is warranted and DENIES the motion. In light of the number of defendants and the addition of new claims and allegations, the

---

[1] The parties' letter briefs are found at Docket Nos. 39-43.

Court finds it is reasonable for plaintiff to be deposed for an additional three and a half hours. In addition, the deposition excerpts submitted by defendants support their assertion that plaintiff was unable to answer a number of questions posed to her, and thus the earlier deposition time was not optimized.

The second dispute concerns plaintiff's request for production of documents relating to an NLRB complaint filed by plaintiff against defendant Prison Health Services. According to defendants' October 12, 2010 letter brief, defendants have produced all responsive documents except confidential affidavits that were created by the NLRB in connection with the NLRB's investigation into plaintiff's grievance. Defendants state that plaintiff attempted to obtain those affidavits from the NLRB by subpoena, and the NLRB objected on various grounds, including that the subpoena sought documents which are privileged, confidential and/or disclose private information. Defendants have also objected to producing the affidavits on these grounds, and they have provided a privilege log to plaintiff. Defendants assert that plaintiff cannot show that she has a compelling need for the confidential affidavits because she can obtain the same information through depositions of the witnesses which are scheduled to occur in October and November 2010.

Plaintiff's letter brief does not specifically address the confidentiality and privacy arguments raised by defendants' letter brief. This may be because the parties did not engage in a meaningful meet and confer prior to plaintiff filing her motion to compel.[2] On this record, the Court cannot determine whether plaintiff is entitled to the discovery sought. The Court DENIES plaintiff's motion to compel without prejudice to renewal after a further in-person meet and confer between counsel. If plaintiff renews the motion to compel the affidavits, plaintiff shall specifically address the arguments and authority cited in defendant's letter brief.

**IT IS SO ORDERED.**

Dated: November 2, 2010

SUSAN ILLSTON
United States District Judge

---

[2] With respect to both discovery disputes, defendants assert that plaintiff's counsel did not engage in a meaningful meet and confer prior to seeking relief from the Court. <u>The Court instructs the parties that for any future discovery disputes, counsel must engage in an in-person meet and confer, and must submit a joint letter to the Court setting out the parties' positions and relief sought.</u>