1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   FREDDIE M. DAVIS,              )
                                    )
12            Plaintiff(s),         )      No. C09-2629 SI (BZ)
                                    )
13        v.                        )
                                    )
14                                  )      **ORDER TO PRODUCE AFFIDAVITS**
     PRISON HEALTH SERVICES, et     )
15   al.,                           )
                                    )
16            Defendant(s).         )
     ───────────────────────────────)
17

18        Pursuant to Judge Illston's procedures for resolving

19   discovery disputes, plaintiff seeks an order compelling

20   defendants to produce a copy of the affidavits defendants gave

21   the NLRB in connection with an unfair labor practices

22   proceeding which was settled in 2008.  Plaintiff wishes to

23   inspect these affidavits which she characterizes as "the most

24   spontaneous, complete and accurate account of now highly

25   contested events."

26        It is undisputed that defendants and both sets of defense

27   counsel possess copies of the affidavits.  Apparently after

28   the individual defendants made statements to the NLRB, they

                                    1

acquired a copy of their own affidavit, which was given to their counsel in the NLRB matter. Defendants' counsel in this action obtained the NLRB affidavits when they were retained.

Plaintiff initially complains that the NLRB improperly denied her access to the affidavits. I do not believe this issue is properly before the Court. Prior to the close of the NLRB proceedings, plaintiff submitted a FOIA request for the affidavits. The NLRB denied the request because the NLRB proceedings were still pending citing Exemptions 7A and 7D. After the NLRB matter concluded, plaintiff sought subpoena the affidavits from the NLRB. Again, the NLRB denied the request. If the NLRB improperly denied a FOIA request, plaintiff's remedy was to seek review under FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(C). If plaintiff is contending the NLRB improperly responded to a subpoena, her remedy was a motion for contempt under Rule 45(e) which plaintiff has not pursued. Indeed, the NLRB is not in a position to defend its actions in the motion before the Court. While defendants are correct that plaintiff should have been more aggressive in pursuing these affidavits, the fact remains that they could still be of assistance to her if she is entitled to them. Defendants have shown no prejudice from plaintiff's delay.

Ordinarily, a party may seek discovery of all relevant information. FRCP 26(b)(1). To the extent defendants seek to withhold relevant information on the grounds of privilege or protection available under FOIA, they must move for a protective order and it is their burden to establish the protection. To the extent that defendants rely on the so

2

1  called 7A exemption, 5 U.S.C. § 552(b)(7), that section only
2  protects against discovery that "could reasonably be expected
3  to interfere with enforcement proceedings." Here, the NLRB
4  enforcement proceedings were settled in 2008 and the
5  defendants have made no showing that production of these
6  affidavits would interfere with any NLRB proceedings.

7      The 7D exemption for confidentiality presents a closer
8  question. There is some authority that the exemption focuses
9  on the expectations of the person giving the affidavit.
10 Billington v. Department of Justice, 233 F.3d 581, 585
11 (D.C. Cir. 2000). However, as defendants admit, in a
12 discovery context the ultimate question is whether plaintiff's
13 need for the documents outweighs defendants' expectations of
14 confidentiality. Frankel v. S.E.C., 460 F.2d 813, 818 (2nd
15 Cir. 1972); Zaustinsky v. University of California, 96 F. R.
16 D. 622, 625 (N.D. Ca. 1983) (quoting Herbert v. Lando, 441
17 U.S. 153, 180 (1979)(Powell, J., concurring). I find that it
18 does.

19     First, the expectation that the affiants will remain
20 confidential is non-existent here; plaintiff knows who the
21 affiants are and that they have given affidavits. Second, the
22 assurances were not absolute. Each affiant understood that
23 her affidavit might be disclosed in a "formal proceeding."
24 Third, unlike some of the cases to which defendants have
25 cited, such as Billington v. Department of Justice, 233 F.3d
26 581 (D.C. Cir. 2000), the affiants here are not anonymous
27 parties who provided information for a government
28 investigation but defendants in a civil action. Finally, the

3

1  exemption's purpose, to protect the affiants from retaliation
2  by the employer, is not an issue here; defendants voluntarily
3  gave them to the employer.   Other retaliation issues can be
4  handled with a protective order.

5      Plaintiff's need is understandable since defendants do
6  not dispute that these affidavits are the most accurate record
7  of what transpired.   Since defense counsel in this litigation
8  have them, they enjoy a substantial advantage over plaintiff's
9  counsel, who does not have access to what may be the most
10 accurate report of the events in dispute.   To assure that this
11 case is decided on its merits, I would expect the affiants to
12 review their affidavits prior to testifying at deposition or
13 at trial.   Under those circumstances, even documents subject
14 to some protection must be disclosed.   FRE 612; FRCP
15 26(b)(3)(C).   Accordingly, balancing the need for this case to
16 be decided fairly and on the merits against the defendants'
17 need for confidentiality, I find that the balance tips in
18 favor of the plaintiff.   **IT IS THEREFORE ORDERED** that the
19 defendants produce the affidavits they gave to the NLRB by
20 March 1, 2011 under a suitable protective order.

21 Dated: February 10, 2011

Bernard Zimmerman
United States Magistrate Judge

25 G:\BZALL\-REFS\DAVIS V. PRISON HEALTH SVCS\ORDER TO PRODUCE AFFIDAVITS - MMI edits.wpd