1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
   PRICE AND ASSOCIATES
2  A Professional Law Corporation
3  1611 Telegraph Avenue, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 452-0292
   Facsimile:  (510) 452-5625
5
6  FANIA E. DAVIS, ESQ. (STATE BAR NO. 87268)
   4100 Redwood Road, #371
7  Oakland, CA 94109
   Telephone: (510) 451-0142
8  Facsimile:  (510) 452-5056
9
   DARRYL PARKER, ESQ. (STATE BAR NO. 95914)
10 PREMIER LAW GROUP
   3131 Elliott Avenue, Suite 710
11 Seattle, WA 98121
12 Telephone: (206) 285-1743
   Facsimile:  (206) 599-6316
13
14 Attorneys for Plaintiff
   FREDDIE DAVIS
15
16              IN THE UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18
   FREDDIE M. DAVIS,                      Case No:  C09-02629 SI
19
                Plaintiff,                **STIPULATED PROTECTIVE ORDER**
20
          v.
21
   PRISON HEALTH SERVICES, INC. et al,
22
                Defendants.
23
24
25
26
27
28

1    1.   PURPOSES AND LIMITATIONS

2       Following a discovery dispute, the Honorable Bernard Zimmerman issued an Order dated

3  February 10, 2011, ordering all Defendants to produce, by March 1, 2011, all affidavits they gave to

4  the National Labor Relations Board in or around 2006 in connection with the then pending unfair labor

5  practice proceeding against Defendant Prison Health Services and some of the PHS individual

6  Defendants.  Judge Zimmerman ordered that the affidavits be produced under a suitable protective

7  order.  The Court and Parties therefore recognize that disclosure and discovery of the affidavits ordered

8  to be produced in this action are likely to involve production of confidential, proprietary, or private

9  information for which special protection from public disclosure and from use for any purpose other

10 than prosecuting this litigation may be warranted ("Protected Material").  Accordingly, and pursuant to

11 Judge Zimmerman's February 10, 2011 Order, the parties hereby stipulate to and petition the court to

12 enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not

13 confer blanket protections on all disclosures or responses to discovery and that the protection it affords

14 from public disclosure and use extends only to the affidavits, which the Court has ordered Defendants

15 to produce pursuant to its February 10, 2011 Order.  The parties further acknowledge, as set forth in

16 Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential

17 information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the

18 standards that will be applied when a party seeks permission from the court to file material under seal.

19   2.   DEFINITIONS

20      2.1   Challenging Party: a Party or Non-Party that challenges the designation of information

21 or items under this Order.

22      2.2   "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23 Information or Items: information (regardless of how it is generated, stored or maintained) or tangible

24 things that qualify for protection under Federal Rule of Civil Procedure 26(c) and pursuant to Judge

25 Zimmerman's February 10, 2011 Order.

26      2.3   Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as

27 their support staff).

28

STIPULATED PROTECTIVE ORDER                                   C09-02629 SI

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY

2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

2.14 Receiving Party: a Party or his or her counsel that receives Disclosure or Discovery Material from a Producing Party.

1    2.15    "Attorneys Eyes Only": Protected Material that may be disclosed or viewed only as
2  specified in section 7.2 and 7.3, below.

3  3.    SCOPE

4    The protections conferred by this Stipulation and Order cover not only Protected Material (as
5  defined above), but also (1) any information copied or extracted from Protected Material; (2) all
6  copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,
7  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

8    However, the protections conferred by this Stipulation and Order do not cover the following
9  information: (a) any information that is in the public domain at the time of disclosure to a Receiving
10  Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of
11  publication not involving a violation of this Order, including becoming part of the public record
12  through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure
13  or obtained by the Receiving Party after the disclosure from a source who obtained the information
14  lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected
15  Material at trial shall be governed by a separate agreement or order.

16  4.    DURATION

17    Even after final disposition of this litigation, the confidentiality obligations imposed by this
18  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order
19  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and
20  defenses in this action, with or without prejudice; and (2) final judgment herein after the completion
21  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time
22  limits for filing any motions or applications for extension of time pursuant to applicable law.

23  5.    DESIGNATING PROTECTED MATERIAL

24    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or
25  Non-Party that designates information or items for protection under this Order must take care to limit
26  any such designation to specific material that qualifies under the appropriate standards. The
27  Designating Party must designate for protection only those parts of material, documents, items, or oral
28  or written communications that qualify – so that other portions of the material, documents, items, or

3

communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

4

1

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

2       6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of
3   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality
4   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or
5   a significant disruption or delay of the litigation, a Party does not waive its right to challenge a
6   confidentiality designation by electing not to mount a challenge promptly after the original designation
7   is disclosed.

8       6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by
9   providing written notice of each designation it is challenging and describing the basis for each
10  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite
11  that the challenge to confidentiality is being made in accordance with this specific paragraph of the
12  Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the
13  process by conferring directly (in voice to voice dialogue; other forms of communication are not
14  sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must
15  explain the basis for its belief that the confidentiality designation was not proper and must give the
16  Designating Party an opportunity to review the designated material, to reconsider the circumstances,
17  and, if no change in designation is offered, to explain the basis for the chosen designation.  A
18  Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this
19  meet and confer process first or establishes that the Designating Party is unwilling to participate in the
20  meet and confer process in a timely manner.

21      6.3    Judicial Intervention.  If the parties cannot resolve a challenge without court
22  intervention, the Challenging Party shall file and serve a motion to challenge confidentiality, for good
23  cause shown, under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)
24  within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet
25  and confer process with not resolve their dispute, whichever is earlier.  Any motion brought pursuant
26  to this provision must be accompanied by a competent declaration affirming that the movant has
27  complied with the meet and confer requirements imposed in the preceeding paragraph.

28

1    The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.

2    Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

3    expenses and burdens on other parties) may expose the Challenging Party to sanctions.  All parties

4    shall continue to afford the material in question the level of protection to which it is entitled under the

5    Producing Party's designation until the court rules on the challenge.

6    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7         7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

8    produced by another Party or by a Non-Party in connection with this case only for prosecuting,

9    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the

10   categories of persons and under the conditions described in this Order. When the litigation has been

11   terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

12   DISPOSITION).

13        Protected Material must be stored and maintained by a Receiving Party at a location and in a

14   secure manner that ensures that access is limited to the persons authorized under this Order.

15        7.2    Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

16   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the

17   Designating Party, a Receiving Party may disclose any information or item designated

18   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

19             (a) the Receiving Party's Counsel of Record in this action, as well as employees of said

20   Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and

21   who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

22   Exhibit A;

23             (b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

24   reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to

25   Be Bound" (Exhibit A);

26             (c) the court and its personnel, subject to the limitations imposed by section 12.3,

27   below;

28             (d) Mark Rudy, as mediator mutually selected by the Parties;

6

1

2    (e) the author or recipient of a document containing the information or a custodian or
3    other person who otherwise possessed or knew the information.

4    7.3    Attorneys Eyes Only.  As a condition of Defendants' agreement to produce the
5    affidavits prior to the date ordered by the Court, Plaintiff shall be prohibited from viewing the
6    affidavits produced by Defendants unless otherwise expressly agreed to in writing by Defendants.
7    However, Plaintiff's counsel shall not, by any provision of this Order, be prohibited from discussing
8    the contents of the declarations with Plaintiff.

9    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
10   LITIGATION

11   If a Party is served with a subpoena or a court order issued in other litigation that compels
12   disclosure of any information or items designated in this action as "CONFIDENTIAL," or
13   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

14   (a) promptly notify in writing the Designating Party. Such notification shall include a
15   copy of the subpoena or court order;

16   (b) promptly notify in writing the party who caused the subpoena or order to in the other
17   litigation that some or all of the material covered by the subpoena or order is subject to this Protective
18   Order. Such notification shall include a copy of this Stipulated Protective Order; and

19   (c) cooperate with respect to all reasonable procedures sought to be pursued by the
20   Designating Party whose Protected Material may be affected.

21   If the Designating Party timely seeks a protective order, the Party served with the subpoena or
22   court order shall not produce any information designated in this action as "CONFIDENTIAL" or
23   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," before a determination by the court from which
24   the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The
25   Designating Party shall bear the burden and expense of seeking protection in that court of its
26   confidential material – and nothing in these provisions should be construed as authorizing or
27   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

28

1    9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
2    LITIGATION

3              (a) The terms of this Order are applicable to information produced by a Non-Party in
4    this action and designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES
5    ONLY." The Non-Parties' information produced in connection with this litigation is protected by the
6    remedies and relief provided by this Order. Nothing in these provisions should be construed as
7    prohibiting a Non-Party from seeking additional protections.

8

9    10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10            If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
11   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,
12   the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
13   disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)
14   inform the person or persons to whom unauthorized disclosures were made of all the terms of this
15   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be
16   Bound" that is attached hereto as Exhibit A.

17   11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
18   MATERIAL

19            When a Producing Party gives notice to Receiving Parties that certain inadvertently produced
20   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties
21   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to
22   modify whatever procedure may be established in an e-discovery order that provides for production
23   without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the
24   parties reach an agreement on the effect of disclosure of a communication or information covered by
25   the attorney-client privilege or work product protection, the parties may incorporate their agreement in
26   the stipulated protective order submitted to the court.

27   //

28   //

8

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it, or a Non-Party whose information is disclosed pursuant to this Order, otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party effected by this Order waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    FINAL DISPOSITION.

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts,

9

1    compilations, summaries or any other format reproducing or capturing any of the Protected Material.

2    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

3    papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and

4    trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

5    such materials contain Protected Material. Any such archival copies that contain or constitute Protected

6    Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

7           IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    DATED:  February 24, 2011               /s/
                                        Pamela Y. Price
10                                      Attorney for Plaintiff Freddie Davis

11

12   DATED:  February 24, 2011               /s/
                                        Fania E. Davis
13                                      Attorney for Plaintiff Freddie Davis

14   DATED:  February 24, 2011               /s/
                                        Darryl Parker
15                                      Attorney for Plaintiff Freddie Davis

16

17   DATED:  February 24, 2011               /s/
                                        Suzanne R. Nestor
18                                      Littler Mendelson, APC
                                        Attorney for Defendants Prison Health Services,
19                                      Bill Wilson, Lenore Gilbert, and Linda Henson

20

21   DATED:  February 24, 2011               /s/
                                        Lynne G. Stocker
22                                      Andrada & Associates
                                        Attorney for Defendants County of Alameda,
23                                      James Ayala, and Darryl Griffith

24

25          PURSUANT TO STIPULATION AND COURT ORDER, IT IS SO ORDERED.

26

27   DATED:  February 24      , 2011

28                                      Honorable Bernard Zimmerman, U.S. District
                                        Court, Northern District of California

10

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____


City and State where sworn and signed: _____


Printed name: _____


Signature: _____

STIPULATED PROTECTIVE ORDER                                                      C09-02629 SI