**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS, | No. C 09-2629 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| JAMES E. AYALA and DARRYL GRIFFITH, | |
| Defendants. | |

On September 28, 2011, the Court held a final pretrial conference in the above captioned matter. All parties were represented by counsel. The following matters were resolved:

1. **Date of trial:** Jury trial in this matter has been set to commence October 11, 2011. However, in light of the anticipated length of this trial and other calendar commitments of the Court and counsel, the parties agreed to continue the trial date until November 28, 2011.

2. **Number of jurors and challenges**: There shall be a jury of 8 members. Each side shall have up to four peremptory challenges.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel.

4. **Jury instructions**: Counsel have submitted a set of proposed jury instructions, which reflect that they have agreed on almost none of the necessary instructions. Counsel are ordered to meet

and confer prior to the now-continued trial date, in an effort to reach consensus on most instructions. The Court advises that it prefers unadorned versions of the standard Ninth Circuit instructions, and that it will not give argumentative or redundant instructions. <u>The parties' amended Joint Instruction shall be provided to the Court no later than November 21, 2011.</u>

5. **Trial exhibits**: No later than November 21, 2011, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

6. **Timing of trial**: The parties originally estimated that the trial would take from 20 to 24 trial days which, with 4-day trial weeks, amounts to 5 to 6 weeks of trial time.[1] At the pretrial conference, counsel agreed that trial could be completed in 3 weeks (12 days). Based on this revised estimate, each side shall have 45 minutes for opening statements; each side shall have 24 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument. In the event a punitive damage phase is required, each side shall have up to 15 minutes for opening statement; up to 1 hour to present evidence; and up to 30 minutes for closing argument.

7. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

---

[1] As the Court noted at the conference, plaintiffs identified 43 potential witnesses, of whom 7 (witnesses 3,4,5,6,7,8 and 9) were to testify to exactly the same thing. In addition, of the 12 witnesses identified by defendants, 9 were witnesses already identified by plaintiffs. It was clear, therefore, that elimination of overlap and cumulative testimony could substantially reduce the time needed for trial.

8. **Motions in limine**:   The parties filed numerous motions in limine, as follows:

**Plaintiff's motions**:

<u>No. 1, to bifurcate liability and damages:</u> Plaintiff seeks to bifurcate trial of liability from trial of damages, arguing that it will expedite the trial, allow "highly prejudicial" evidence of settlement with PHS to be kept from the jury during the liability phase, and reduce the cost of litigation. Defendant opposes the motion. The Court does not find that bifurcation would substantially save time, since except for the damages experts, most witnesses would have information on both topics. Further, the Court does not find that information concerning prior settlement with PHS is unduly prejudicial. The motion to bifurcate is DENIED.

<u>No. 2, to exclude evidence of "irrelevant and stale complaints, grievances and discipline:"</u> Plaintiff seeks to exclude evidence of complaints against her and discipline imposed on her which are either irrelevant or "stale." The Court finds that in general plaintiff's conduct on the job will be relevant to the claims in the case. However, the Court will consider any objections at time of trial to questions which would elicit irrelevant or unduly prejudicial information. DENIED without prejudice to specific objections to specific questions at time of trial.

<u>No. 3, to exclude evidence of settlement with PHS:</u> Plaintiff withdrew this motion at the pretrial conference.

<u>No. 4, to exclude Dr. Lipian and "improperly disclosed expert witnesses":</u> To the extent this is a *Daubert* motion to exclude testimony by Dr. Lipian, it is DENIED as unsupported. To the extent this is a motion to exclude inadmissible opinion testimony from non-retained experts, the motion is DENIED without prejudice to specific objections to specific questions at time of trial.

<u>No. 5, to exclude references to discovery disputes:</u> DENIED as framed. All parties and all counsel are ordered to act respectfully toward one another during the course of the trial.

<u>No. 6, to exclude prior litigation by plaintiff:</u> Unopposed; GRANTED.

<u>No. 7, to exclude surprise witnesses and use of undisclosed documents:</u> DENIED as framed, because premature and unsupported; but without prejudice to specific objections to specific questions or documents at time of trial.

<u>No. 8, to exclude lay opinion re defendants' discriminatory intent:</u> DENIED as framed,

3

because premature and unsupported; but without prejudice to specific objections to specific questions or documents at time of trial.

No. 9, to exclude inadmissible character evidence: Although framed as a motion to exclude "character" evidence, this motion seeks to exclude "false and unsubstantiated allegations that [plaintiff] was threatening or physically aggressive in the workplace." Plaintiff's conduct on the job will be relevant to the claims in this case, and admissible evidence concerning that conduct will be received. DENIED as framed, without prejudice to specific objections to specific questions

**Defendants' motions**:

No. A, to exclude plaintiff's testimony about Dr. Rivoire's comments: Dr. Rivoire, a psychologist who previously treated plaintiff, is dead. Defendants seeks to prevent plaintiff from testifying about "what he told her." Without more context, the Court cannot determine whether such testimony would be admissible. DENIED as framed, without prejudice to specific objections to specific questions at trial.

No. B, to exclude NLRB charges against PHS: This motion will be addressed in a separate order.

No. C, to exclude statements from inmates at Santa Rita Jail: Defendants seek to exclude as hearsay plaintiff's statements about what inmates at Santa Rita Jail told her about what defendant Griffith had said. The Court agrees that such testimony would be inadmissible hearsay; even if offered not for the truth but for plaintiff's state of mind, the statement would only be relevant to these defendants if true. Inmates may provide such testimony; plaintiff may not. GRANTED.

No. D, to exclude statements from sheriff's deputies at Santa Rita Jail: Defendants seek to exclude as hearsay plaintiff's statements about what non-defendant sheriff's deputies said to her. Without more context, the Court cannot determine what such statements might be or why they might be offered. DENIED as framed, without prejudice to specific objections to specific questions at trial.

No. E, to exclude "speculation" about motives: No witnesses may speculate about other persons' motives. To that extent the motion is GRANTED.

No. F, to exclude plaintiff from "blaming" these defendants for acts of PHS: DENIED

as framed, without prejudice to specific objections to specific questions at trial.

<u>No. G, to exclude complaints by nurses against Sharon Gober:</u> Information about plaintiff's petition activity concerning Sharon Gober is relevant to the claims in this case. DENIED as framed, without prejudice to specific objections to specific questions at trial.

**IT IS SO ORDERED.**

Dated: October 6, 2011

_____
SUSAN ILLSTON
United States District Judge