IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>PRISON HEALTH SERVICES, ET AL.,<br><br>    Defendant.<br>_____/ | No. C 09-2629 SI<br><br>**ORDER GRANTING MOTION OF THE NATIONAL LABOR RELATIONS BOARD TO QUASH SUBPOENA** |

The National Labor Relations Board ("NLRB") has filed a motion to quash a subpoena served upon Michelle Smith, a former Board employee, by plaintiffs' counsel. The subpoena seeks to compel the testimony of Ms. Smith regarding Board Region 32's investigation of a charge filed with the NLRB alleging unfair labor practices by the Prison Health Services. According to plaintiff, plaintiff seeks to have Ms. Smith "testify about the charge of discrimination, who she interviewed, what documents she had available and considered and when the complaint was filed. The process that was used will demonstrate what transpired before the actual complaint was filed and at what point the NLRB decided that it should file a complaint." Docket No. 164 at 7:24-28.

The NLRB objects to the subpoena on procedural and substantive grounds. As a threshold matter, the NLRB contends that plaintiff failed to comply with the NLRB's procedural requirements governing testimony by current and former NLRB employees. It is undisputed that plaintiff served the subpoena on Ms. Smith on November 15, 2011, seeking Ms. Smith's testimony on November 28, 2011, and that plaintiff did not first request authorization for Ms. Smith's testimony from NLRB's General

Counsel pursuant to NLRB regulations found at 29 C.F.R. § 102.118 (2011).[1] Section 102.118 provides,

> Except as provided in § 102.117 of these rules respecting requests cognizable under the Freedom of Information Act, no present or former Regional Director, field examiner, administrative law judge, attorney, specially designated agent, General Counsel, Member of the Board, or other officer or employee of the Agency shall produce or present any files, documents, reports, memoranda, or records of the Board or of the General Counsel, whether in response to a subpoena duces tecum or otherwise, without the written consent of the Board or the Chairman of the Board if the document is in Washington, DC, and in control of the Board; or of the General Counsel if the document is in a Regional Office of the Agency or is in Washington, DC, and in the control of the General Counsel. Nor shall any such person testify in behalf of any party to any cause pending in any court or before the Board, or any other board, commission, or other administrative agency of the United States, or of any State, territory, or the District of Columbia, or any subdivisions thereof, with respect to any information, facts, or other matter coming to that person's knowledge in his or her official capacity or with respect to the contents of any files, documents, reports, memoranda, or records of the Board or the General Counsel, whether in answer to a subpoena or otherwise, without the written consent of the Board or the Chairman of the Board if the person is in Washington, DC, and subject to the supervision or control of the Board or was subject to such supervision or control when formerly employed at the Agency; or of the General Counsel if the person is in a Regional Office of the Agency or is in Washington, DC, and subject to the supervision or control of the General Counsel or was subject to such supervision or control when formerly employed at the Agency.

29 C.F.R. § 102.118(a)(1) (2011).

The Court concludes that plaintiff was required to comply with Section 102.118 as a prerequisite to seeking Ms. Smith's testimony at trial. A number of courts have held that a party seeking testimony by a federal agency employee must first comply with agency regulations such as Section 102.118, and that the failure to do so requires that the subpoena be quashed. *See Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600, 603 (5th Cir. 1966) ("Because of Braswell's failure to comply with the 'simple requirement' of seeking permission, the District Court should have granted appellant's motion to quash the subpoena."); *see also United States v. Allen*, 554 F.2d 398, 406 (10th Cir. 1977) ("Our record shows no effort by defendant to submit the affidavit or statement summarizing the testimony desired so that the Department could consider the request and determine whether to grant permission for the testimony. In view of this, we feel that defendant is in no position to claim error in the court's refusal to require testimony by the prosecutor."); *see generally Houston Business Journal, Inc. v. Office of the Comptroller*, 86 F.3d 1208, 1212 n.4 (D.C. Cir. 1996) (discussing cases).

---

[1] Plaintiff does not suggest that she lacked time or opportunity to comply with the NLRB regulations prior to trial. The facts underlying the investigation occurred in 2006, and the administrative complaint in question was issued in 2007. The matter was resolved by settlement in early 2011.

The authority cited by plaintiff is not to the contrary. Those cases simply hold that administrative regulations such as Section 102.118 do not create an absolute privilege of nondisclosure. *See Exxon Shipping Co. v. Dep't of Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994). Instead, "district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action." *Id*. at 780. Plaintiff does not cite any authority for the proposition that a prior to serving a trial subpoena, a party need not first, as a procedural matter, request permission for such testimony pursuant to agency regulation.[2]

Accordingly, the Court GRANTS the NLRB's motion to quash. Docket No. 160.

**IT IS SO ORDERED.**

Dated: December 5, 2011

SUSAN ILLSTON
United States District Judge

---

[2] The Court also notes that the percipient witnesses to the events underlying the NLRB complaint have testified at trial and that the NLRB charges, complaint and settlement of the complaint have been admitted into evidence. Thus, the factual predicate for the NLRB complaint has been established, and Ms. Smith's proposed testimony would either be cumulative or intrude into attorney work product and/or areas covered by the deliberative process privilege.

3