IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS,<br><br>    Plaintiff,<br><br>   v.<br><br>PRISON HEALTH SERVICES, *et al*,<br><br>    Defendants.<br>                                         / | No. C 09-2629 SI<br><br>**ORDER DIRECTING BRIEFING ON WHETHER PLAINTIFF ENGAGED IN SPEECH OR PETITIONING ACTIVITY ON A MATTER OF PUBLIC CONCERN**<br><br>**(Briefs due by December 9, 2011)** |

      Immediately before trial, plaintiff dismissed all of her race- and gender-related claims, and has proceeded to trial only on her First Amendment retaliation claims. The Court has reviewed the parties' proposed jury instructions relating to this claim. The parties do not agree on the content of the First Amendment retaliation instruction, but both parties' competing jury instructions on the issue require the Court to determine in the first instance whether plaintiff has engaged in conduct protected by the First Amendment, prior to submission of the case to the jury. It is on this question that the Court directs further briefing.

      Plaintiff's proposed instruction is based on Ninth Circuit Model Civil Jury Instruction No. 9.10, which relates to First Amendment claims brought by citizen plaintiffs, while defendants' proposed instruction is based on Model Instruction No. 9.9, which relates to First Amendment claims brought by public employee plaintiffs. Under defendant's proposed instruction, the Court must find that plaintiff's speech was on a matter of public concern; under plaintiff's proposed instruction, the Court must find only that plaintiff's signing of the petition and/or protesting the conduct of her supervisor was "protected speech."

Defendants contend that their instruction should be used because plaintiff, as an employee of a government contractor, is considered a public employee for First Amendment purposes. Based upon the Court's preliminary research, this contention appears to be correct. In *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668, 673 (1996), the Supreme Court held that independent contractors are protected under the First Amendment from retaliatory governmental action under the same framework applicable to public employees, and that the extent of the protection is to be determined by weighing the government's interest as contractor against the free speech interests at stake:

> To prevail, Umbehr must show that the termination of his contract was motivated by his speech on a matter of public concern, an initial showing that requires him to prove more than the mere fact that he criticized the Board members before they terminated him. If he can make that showing, the Board will have a valid defense if it can show, by a preponderance of the evidence, that, in light of their knowledge, perceptions, and policies at the time of the termination, the Board members would have terminated the contract regardless of his speech.

*Id.* at 686.

"When a public employee sues a government employer under the First Amendment's Speech Clause, the employee must show that he or she spoke as a citizen on a matter of public concern." *Borough of Duryea, Pennsylvania v. Guarnieri*, 131 S. Ct. 2488, 2493 (2011) (citing *Connick v. Myers*, 461 U.S. 138, 147 (1983)). In *Connick*, the Supreme Court held that "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." *Connick*, 461 U.S. at 147 (employee's questionnaire asking co-workers about their confidence in supervisors, level of office morale, and need for a grievance committee, did not address a matter of public concern and instead questions were "mere extensions of Myers' dispute over her transfer to another section of the criminal court").

In *Guarnieri*, the Supreme Court held that the "public concern" test applies to First Amendment retaliation claims brought by public employees against their employers under the Petition Clause of the First Amendment. In that case, a police chief filed a union grievance challenging his termination. The

police chief was reinstated, and the borough council issued a number of directives instructing the chief in the performance of his duties. The chief filed a lawsuit against the council under 42 U.S.C. § 1983 alleging that his union grievance was a petition protected by the Petition Clause of the First Amendment, and that the directives issued upon his reinstatements were retaliation for that protected activity. After the suit was filed, the council denied the chief overtime pay; the police chief then amended his lawsuit to allege that his § 1983 lawsuit was a petition and that the denial of overtime constituted retaliation for having filed the lawsuit. The Supreme Court held that the public interest test governed Guarnieri's claims, and that "[t]he framework used to govern Speech Clause claims by public employees, when applied to the Petition Clause, will protect both the interests of the government and the First Amendment right. If a public employee petitions as an employee on a matter of purely private concern, the employee's First Amendment interest must give way, as it does in speech cases." *Id*. at 2500; *see also Rendish v. City of Tacoma*, 123 F.3d 1216, 1221 (9th Cir. 1997) ("[I]t follows that the threshold requirement demanded of a public employee's speech in order to receive constitutional protection from adverse employment actions – that it involve a matter of public concern – applies with equal force to a public employee's petition for redress of grievances.").

The Court is concerned about whether plaintiff's speech and petitioning activity involves a matter of public concern. The parties are directed to brief this issue. *See generally Guarnieri*, 131 S. Ct. at 2501 (discussing factors relevant to analysis of whether petition relates to a matter of public concern); *Connick*, 461 U.S. at 147-48 & n.7 (same regarding speech). If plaintiff contends that *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr* does not apply to this case, plaintiff shall also brief that question.

**The parties' briefs shall be filed by 5 p.m. on Friday, December 9, 2011.**

**IT IS SO ORDERED.**

Dated: December 6, 2011

SUSAN ILLSTON
United States District Judge

3