1

2

3

4

5                           IN THE UNITED STATES DISTRICT COURT

6                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    FREDDIE M. DAVIS,                              No. C 09-2629 SI

9              Plaintiff,                           **ORDER**

10      v.

11   PRISON HEALTH SERVICES, *et al*,

12             Defendants.

13   _____/

14          The Court has reviewed the parties' briefs regarding plaintiff's First Amendment activity, and

15   whether plaintiff should be considered a public employee for purposes of the First Amendment.  Citing

16   *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668 (1996), defendants contend

17   that plaintiff was a public employee because she worked for a government contractor.  In *Umbehr*, the

18   Supreme Court held that independent contractors are protected under the First Amendment from

19   retaliatory governmental action under the same framework applicable to public employees, and that the

20   extent of the protection is to be determined by weighing the government's interest as contractor against

21   the free speech interests at stake.  *Id*. at 686.

22          Plaintiff correctly notes that *Umbehr* did not address the situation presented here, namely

23   whether the employees of a private company that contracts with the government should be considered

24   as public employees.  Plaintiff cites *Clairmont v. Sound Mental Health*, 632 F.3d 1091 (9th Cir. 2011),

25   in which the Ninth Circuit evaluated a First Amendment retaliation claim brought by a domestic

26   violence counselor against his employer, SMH, which was an independent contractor for a municipal

27   court, and against that court's manager of probation services.  The Ninth Circuit noted, "Clairmont was

28   not employed by Municipal Court; he worked for SMH, a private company.  Therefore it is not

United States District Court
For the Northern District of California

1   immediately obvious whether he should be treated as a public employee, an independent contractor, or

2   as a private citizen." *Id*. at 1101.  The Ninth Circuit rejected the employee's argument that SMH was

3   simply a licensee that was regulated by the state, and instead found that the court and SMH had a

4   "unique relationship." *Id*. at 1102.  The Ninth Circuit noted that SMH had a contract with the court

5   which provided, *inter alia*, that SMH's work "shall, at all times, be subject to the City's [through the

6   municipal court] general review and approval," and that all SMH staff had to submit monthly reports

7   to document the services provided. *Id*.  Based upon this close, intertwined relationship, and the

8   plaintiff's role in providing services under that contract, the Ninth Circuit held that the plaintiff should

9   be considered a public employee for purposes of his First Amendment retaliation claim.

10       The Court finds that none of the cases cited by the parties clearly answers how to analyze

11   plaintiff's relationship with Alameda County.  Although there are certain similarities between this case

12   and *Clairmont*, there are some significant differences that weigh in favor of finding that plaintiff should

13   be considered a citizen rather an a public employee.  Most importantly, plaintiff's employment was not

14   governed by a contract between PHS and Alameda County, but rather by a collective bargaining

15   agreement with PHS to which Alameda County is not a signatory, whereas in *Clairmont* the plaintiff

16   was "at all times" subject to the municipal court's review and approval.  The evidence in this case also

17   shows that PHS was responsible for hiring, disciplining and/or terminating Ms. Davis, and PHS

18   maintained its own supervisors on site within the jail, and those supervisors set plaintiff's work schedule

19   and solely assigned and supervised her work.  The Court finds it is not appropriate to extend the public

20   employee First Amendment framework on these facts.  *Cf. Worrell v. Henry*, 219 F.3d 1197, 1210 (10th

21   Cir. 2000) ("Although courts have occasionally applied the *Pickering* approach outside the employment

22   setting, those decisions have typically involved some kind of contractual relationship between the

23   plaintiff and the defendant.").

24       **IT IS SO ORDERED.**

25

26   Dated: December 12, 2011                                    _____

27                                                              SUSAN ILLSTON
                                                                United States District Judge
28