IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS, | No. C 09-2629 SI |
| Plaintiff, | **ORDER** |
| v. | |
| PRISON HEALTH SERVICES, *et al*, | |
| Defendants. | |

The Court has reviewed the parties' briefs regarding plaintiff's First Amendment activity, and whether plaintiff should be considered a public employee for purposes of the First Amendment. Citing *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 518 U.S. 668 (1996), defendants contend that plaintiff was a public employee because she worked for a government contractor. In *Umbehr*, the Supreme Court held that independent contractors are protected under the First Amendment from retaliatory governmental action under the same framework applicable to public employees, and that the extent of the protection is to be determined by weighing the government's interest as contractor against the free speech interests at stake. *Id*. at 686.

Plaintiff correctly notes that *Umbehr* did not address the situation presented here, namely whether the employees of a private company that contracts with the government should be considered as public employees. Plaintiff cites *Clairmont v. Sound Mental Health*, 632 F.3d 1091 (9th Cir. 2011), in which the Ninth Circuit evaluated a First Amendment retaliation claim brought by a domestic violence counselor against his employer, SMH, which was an independent contractor for a municipal court, and against that court's manager of probation services. The Ninth Circuit noted, "Clairmont was not employed by Municipal Court; he worked for SMH, a private company. Therefore it is not

immediately obvious whether he should be treated as a public employee, an independent contractor, or as a private citizen." *Id*. at 1101. The Ninth Circuit rejected the employee's argument that SMH was simply a licensee that was regulated by the state, and instead found that the court and SMH had a "unique relationship." *Id*. at 1102. The Ninth Circuit noted that SMH had a contract with the court which provided, *inter alia*, that SMH's work "shall, at all times, be subject to the City's [through the municipal court] general review and approval," and that all SMH staff had to submit monthly reports to document the services provided. *Id*. Based upon this close, intertwined relationship, and the plaintiff's role in providing services under that contract, the Ninth Circuit held that the plaintiff should be considered a public employee for purposes of his First Amendment retaliation claim.

The Court finds that none of the cases cited by the parties clearly answers how to analyze plaintiff's relationship with Alameda County. Although there are certain similarities between this case and *Clairmont*, there are some significant differences that weigh in favor of finding that plaintiff should be considered a citizen rather an a public employee. Most importantly, plaintiff's employment was not governed by a contract between PHS and Alameda County, but rather by a collective bargaining agreement with PHS to which Alameda County is not a signatory, whereas in *Clairmont* the plaintiff was "at all times" subject to the municipal court's review and approval. The evidence in this case also shows that PHS was responsible for hiring, disciplining and/or terminating Ms. Davis, and PHS maintained its own supervisors on site within the jail, and those supervisors set plaintiff's work schedule and solely assigned and supervised her work. The Court finds it is not appropriate to extend the public employee First Amendment framework on these facts. *Cf. Worrell v. Henry*, 219 F.3d 1197, 1210 (10th Cir. 2000) ("Although courts have occasionally applied the *Pickering* approach outside the employment setting, those decisions have typically involved some kind of contractual relationship between the plaintiff and the defendant.").

**IT IS SO ORDERED.**

Dated: December 12, 2011

SUSAN ILLSTON
United States District Judge

2