IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDDIE M. DAVIS,   No. C 09-02629 SI

    Plaintiff,

  v.

JAMES AYALA, *et al.*,

    Defendants.

                               /

**INSTRUCTIONS TO JURY**

## DUTY OF THE JURY

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## TWO OR MORE PARTIES

Plaintiff has sued defendant Captain James Ayala and Lieutenant Darryl Griffith. You should decide the case as to each defendant separately, as if it were a separate lawsuit. Unless otherwise instructed, the instructions apply to all parties.

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

**EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**EVIDENCE FOR A LIMITED PURPOSE**

Some evidence was admitted for a limited purpose only.

When I instructed you that an item of evidence was admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**TYPES OF EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**WITNESS CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**EXPERTS**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**IMPEACHMENT -- INCONSISTENT STATEMENTS OR CONDUCT**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**DEPOSITION AS SUBSTANTIVE EVIDENCE**

During the trial, you heard testimony read from a deposition. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was read to you in the same way as you consider testimony given in court.

**EMPLOYER'S RIGHT TO MANAGE THE BUSINESS**

The plaintiff was employed by PHS. PHS is not a defendant. As background, an employer has the right to control the means and manner of an employee's performance. In order to properly manage its business, every employer must on occasion review, criticize, demote, discipline, and transfer employees to other positions. An employer has the right to take these actions as long as they do not constitute harassment, retaliation for exercise of protected rights, or discrimination.

**SECTION 1983 CLAIMS: INTRODUCTION**

Plaintiff brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party. Plaintiff claims that the defendants retaliated against her for the exercise of her First Amendment rights to freedom of speech and/or freedom of association.

Plaintiff has the burden of proving these claims by a preponderance of the evidence. Defendants deny each of plaintiff's claims.

**SECTION 1983 RETALIATION CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY**
**—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on her § 1983 claim against defendants for retaliating against her for the exercise of her First Amendment rights to freedom of speech and/or freedom of association, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law;

2. the defendants personally participated in the alleged rights violation; and

3. the acts of the defendants deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. I instruct you that the defendants acted under color of law and therefore this element requires no proof.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under the next instruction titled "Section 1983 Claim – First Amendment Retaliation," your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendants.

## SECTION 1983 CLAIM – FIRST AMENDMENT RETALIATION

As previously explained, the plaintiff has the burden to prove that the defendants retaliated against plaintiff for exercising her rights to free speech and/or free association under the First Amendment to the Constitution.

Under the First Amendment, a citizen has the right to free expression and free association. In order to prove the defendants retaliated against plaintiff for exercising her First Amendment rights, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. The plaintiff engaged in conduct protected under the First Amendment to the Constitution;

2. The defendants took action against the plaintiff; and

3. The plaintiff's protected conduct and/or speech was a substantial or motivating factor for the defendant's action.

I instruct you that participating in the petition and speaking at the April 5th meeting were protected under the First Amendment. Therefore, this element requires no proof.

A substantial or motivating factor is a significant factor.

## FIRST AMENDMENT RETALIATION - DUAL MOTIVE DEFENSE

If you find that plaintiff has shown that defendants retaliated against her for the exercise of her First Amendment rights to freedom of speech and/or association, defendants may avoid liability by proving by a preponderance of the evidence that they would have taken the same actions against plaintiff even if she had not participated in the petition or spoken out at the April 5th meeting.

It is not enough for defendants to show they "could have" taken the same actions against her. To avoid liability defendants must show they "would have" taken the same actions against her in the absence of the exercise of her First Amendment rights to freedom of speech and/or freedom of association.

## DAMAGES—PROOF & MEASURE

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of her claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. In determining the amount of damages, you should consider the following:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

The reasonable value of earnings lost to the present time;

The reasonable value of earnings which with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture. However, no evidence of the value of such intangible things as mental or physical pain and suffering has been or need be introduced. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.

**EMOTIONAL DISTRESS - DEFINED**

The term "emotional distress" means mental distress, mental suffering or mental anguish. It includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well as physical pain.

**DAMAGES ARISING IN THE FUTURE-DISCOUNT TO PRESENT CASH VALUE**

Any award for future economic damages must be for the present cash value of those damages. Noneconomic damages such as pain and suffering and disability are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money which may be caused by future inflation.

**DAMAGES FROM MULTIPLE DEFENDANTS**

In this case, plaintiff seeks damages from more than one defendant. You must determine the liability of each defendant to plaintiff separately.

If you determine that more than one defendant is liable to plaintiff for damages, you will be asked to find plaintiff's total damages

In deciding on the amount of damages, consider only plaintiff's claimed losses. Do not attempt to divide the damages between the defendants.

**DAMAGES—MITIGATION**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**NOMINAL DAMAGES**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**EVIDENCE OF SETTLEMENT**

You have heard evidence that there was a settlement between plaintiff and Prison Health Services. You must not consider this settlement to determine responsibility for any harm. You may consider this evidence to decide whether the Prison Health Service employees are biased or prejudiced and whether their testimony is believable.

If your verdict is for plaintiff in this lawsuit, then you are to award her the entirety of the damages you find. If you award damages in this case, you are not to consider or make adjustments for the fact that plaintiff's suit against PHS was settled. You are to award damages to compensate plaintiff for all of the harm you find she has suffered. The Court will make appropriate adjustments to your award to reflect any damages plaintiff may have already received.

## MALICIOUS, OPPRESSIVE OR RECKLESS CONDUCT

You will also be asked to determine whether plaintiff has proved, by a preponderance of the evidence, that the conduct of defendants harmed the plaintiff and was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights 6if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that his actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you award damages to plaintiff, your award should not include any amounts intended solely to punish any defendant or deter future conduct; such damages, called punitive damages, may not be considered by you at this time, but may be considered as to defendants at a second phase of your deliberations, depending on your findings during this phase of your deliberations.

## DELIBERATION

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Tracy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.