IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS,<br><br>       Plaintiff,<br><br>  v.<br><br>PRISON HEALTH SERVICES, *et al.*,<br><br>       Defendants.<br>_____/ | No. C 09-2629 SI<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION TO STAY EXECUTION OF**<br>**THE JUDGMENT PENDING**<br>**RESOLUTION OF POST-TRIAL**<br>**MOTIONS** |

On February 17, 2012, the Court held a hearing on various post-trial motions, as well as defendants' motion to stay execution of the judgment pending resolution of the post-trial motions.

Under Federal Rule of Civil Procedure 62(b), a court may, in its discretion, stay execution of a money judgment pending resolution of post-trial motions. Plaintiff does not oppose defendants' motion to stay. However, plaintiff contends that defendants should supply a bond for the security of the judgment in the amount of $528,000 because Alameda County has not shown that it is fully solvent and able to immediately satisfy the full judgment amount. However, defendants have submitted the Declaration of Janette Brook, a Senior Risk and Insurance Analyst for the County of Alameda. Ms. Brook states, *inter alia*, that "the County, by and through a risk sharing pool, has the resources to satisfy the judgment, if, at the end of the case, there is any judgment owed by defendant Ayala." Brook Decl. ¶ 2.

The Court has discretion to stay execution of judgment pending appeal without requiring a bond. *See Federal Prescription Serv. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 759-61 (D.C. Cir. 1980). Based upon the declaration of Ms. Brook, the Court is satisfied that the County has the resources to pay the judgment. Accordingly, the Court GRANTS defendants' motion to stay enforcement of the

judgment pending resolution of the post-trial motions. Docket No. 200.

**IT IS SO ORDERED.**

Dated: February 22, 2012

SUSAN ILLSTON
United States District Judge