PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
901 Clay Street
Oakland, CA 94607
Telephone: (510) 452-0292
Facsimile: (510) 452-5625
E-mail: pamela.price@pypesq.com

FANIA E. DAVIS, ESQ. (STATE BAR NO. 87268)
4100 Redwood Road, Suite 371
Oakland, CA 94109
Telephone: (510) 451-0142
Facsimile: (510) 452-5056
E-mail: faniad@earthlink.net

DARRYL PARKER, ESQ. (STATE BAR NO. 95914)
PREMIER LAW GROUP
3380 146TH Pl., SE Suite 430
Bellevue, WA 98007
Telephone: (206) 285-1743
Facsimile: (206) 599-6316
E-mail: dparker@plg-pllc.com

Attorneys for Plaintiff
FREDDIE M. DAVIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>PRISON HEALTH SERVICES, INC.; SHERIFF'S DEPARTMENT, COUNTY OF ALAMEDA; LEONORE GILBERT, In Her Individual And Official Capacities; LINDA HENSON, In Her Individual And Official Capacities; BILL WILSON, In His Individual And Official Capacities; JAMES E. AYALA, In His Individual And Official Capacities; DARRYL GRIFFITH, In His Individual And Official Capacities And DOES 1 through 10, inclusive,<br><br>Defendants. | NO. C09-02629 SI<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS UNDER 42 U.S.C. § 1988**<br><br>DATE: APRIL 20, 2012<br>TIME: 9:00 A.M.<br>CTRM: 10, 19TH FLOOR<br><br>HON. SUSAN ILLSTON |

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . 1

I. A Prevailing Defendant Can Be Awarded Attorney's Fees Under § 1988 Only If it Is Proven That the Plaintiff's Claims Were Frivolous, Unreasonable or Without Foundation . . . . . . . . . . 1

II. Defendants Carry the Burden of Establishing an Entitlement to Attorneys' Fees And Must Meet the Standards Promulgated by the Supreme Court in *Fox* and the Ninth Circuit in *Harris* . . . . . . . . . . 2

III. Defendant County Has Not Established an Entitlement to Attorneys' Fees under 42 U.S.C. § 1988 . . . . . . . . . . 3

A. Defendant County Was Not a Prevailing Party with Respect To Ms. Davis' FEHA Retaliation Claim and Thus Cannot Establish an Entitlement to Fees . . . 3

B. Defendant County Has Not Established an Entitlement to Fees Based on Ms. Davis' FEHA Aiding & Abetting Claims . . . . . . . . . . 3

C. Ms. Davis' 42 U.S.C. §§ 1983 & 1985 Claims Against Defendant County Were Not Frivolous, Unreasonable Or Groundless and Thus Defendant County Cannot Establish An Entitlement to Fees . . . . . . . . . . 6

IV. Defendant Griffith Has Not Established an Entitlement to Attorneys' Fees under 42 U.S.C. § 1988 . . . . . . . . . . 8

A. Defendant Griffith Was Not a Prevailing Party With Respect to Ms. Davis' FEHA Retaliation Claim and Thus He Cannot Establish an Entitlement to Fees 8

B. Ms. Davis' Claims of Aiding and Abetting Discrimination & Retaliation Against Defendant Griffith Were Not Frivolous, Unreasonable or Groundless, and Thus He Cannot Establish an Entitlement to Fees . . . . . . . . . . 8

C. Defendant Griffith Was Not a Prevailing Party With Respect to Ms. Davis' § 1983 Race & Gender Claims Nor the §§ 1983 and 1985 Conspiracy Claims and Thus He Cannot Establish an Entitlement to Fees . . . . . . . . . . 10

D. Defendant Griffith Has Not Established an Entitlement to Fees Based on Ms. Davis' § 1983 Retaliation Claim . . . . . . . . . . 12

E. Defendant Griffith Has Not Met His Burden Under *Harris* nor *Fox* . . . . . . . . . 13

V. Defendants Are Not Entitled to Litigation Costs Since They Are Not Entitled to Attorneys' Fees . . . . . . . . . . 14

VI. Defendants Are Not Entitled to Fees for Bringing Their Motion for Attorneys' Fees and Cost since They Are Not Entitled to Attorneys' Fees . . . . . . . . . . 14

CONCLUSION . . . . . . . . . . 15

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Blanchard v. Bergeron*, 489 U.S. 87 (1989) . . . . . 14

*Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991) . . . . . 13

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) . . . . . *passim*

*Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001) . . . . . 10, 11, 12

*EEOC v. Bruno's Restaurant*, 13 F.3d 285 (9th Cir. 1993) . . . . . 7

*EEOC v. L.B. Foster Co.*, 123 F.3d 746 (3rd Cir. 1997) . . . . . 1

*Finkelstein v. Bergna*, 804 F. Supp. 1235 (N.D. Cal. 1992) . . . . . 5

*Fox v. Vice*, 131 S. Ct. 2205 (2011) . . . . . *passim*

*Fox v. Vice*, 594 F.3d 423 (5th Cir. 2010) . . . . . 11

*Galen v. County of Los Angeles*, 477 F.3d 652 (9th Cir. 2007) . . . . . 6, 10

*Gibson v. Office of Attorney General, State of Cal.*, 561 F.3d 920 (9th Cir. 2009) . . . . . 6

*Harris v. Marhoefer*, 24 F.3d 16 (9th Cir. 1994) . . . . . 14

*Harris v. Maricopa County Superior Court*, 631 F.3d 963 (9th Cir. 2011) . . . . . *passim*

*Hensley v. Eckerhart*, 461 U.S. 424 . . . . . 2

*Hughes v. Rowe*, 449 U.S. 5 (1980) . . . . . 1, 7, 9

*International Brotherhood of Teamsters v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409 (9th Cir. 1997) . . . . . 10

*Jones v. Continental Corporation*, 789 F.2d 1225 (6th Cir. 1986) . . . . . 1

*Karam v. City of Burbank*, 352 F.3d 1188 (9th Cir. 2003) . . . . . 3, 6, 8, 10

*Leffler v. Meer*, 936 F.2d 981 (7th Cir. 1991) . . . . . 5

*Liberto-Blanck v. City of Arroyo Grande*, 33 F. Supp. 2d 1241 (C.D.Cal. 1999) . . . . . 10

*McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981) . . . . . 3, 8

*Miller v. Los Angeles County Board of Education*, 827 F.2d 617 (9th Cir. 1987) . . . . . 13

*Mitchell v. Office of Los Angeles County*, 805 F.2d 844 (9th Cir. 1986) . . . . . 6

*Sanchez v. City of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990) . . . . . 12

*Soderbeck v. Burnett County*, 752 F.2d 285 (7th Cir. 1985), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 261 (1985) . . . . . . . . . . . . . . . . . . . . 13

*Taylor AG Industries v. Pure-Gro*, 54 F.3d 555 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Trustees of Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Vernon v. City of Los Angeles*, 27 F.3d 1385 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*White v. South Park Independent School District*, 693 F.2d 1163 (5th Cir. 1982) . . . . . . . . . . . . . . . . 7

*Winarto v. Toshiba America Electronics Components*, 274 F.3d 1276 (9th Cir. 2001) . . . . . . . . . . . . 10

**STATE CASES**

*Bond v. Pulsar Video Productions*, 50 Cal.App.4th 918 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Chavez v. City of Los Angeles*, 47 Cal.4th 970 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Cummings v. Benco Building Services*, 11 Cal.App.4th 1383 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Janken v. G.M. Hughes Electronics*, 46 Cal.App.4th 55 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008) . . . . . . . . . . . . . . . . . . . . 9, 10

*Reno v. Baird*, 18 Cal.4th 640 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Taylor v. City of Los Angeles Department of Water and Power*, 144 Cal.App.4th 1216 (2006) . . . . . 10

*Vernon v. State of California*, 116 Cal.App.4th 114 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

*Walrath v. Sprinkel*, 99 Cal.App.4th 1237 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**FEDERAL STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

42 U.S.C. § 1988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

Federal Rule of Civil Procedure 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rule of Civil Procedure 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**STATE STATUTES**

Government Code § 12940(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## INTRODUCTION

Plaintiff Freddie M. Davis opposes Defendants County of Alameda (hereinafter "County") and Darryl Griffith's claim for attorneys' fees and costs. Ms. Davis respectfully requests that the Court deny both Defendants' claims because the prerequisites for a fee award to prevailing defendants under the applicable standards have not been met. Ms. Davis' claims against Defendants were not frivolous, unreasonable or without foundation. Thus Defendants cannot demonstrate that they are entitled to attorneys' fees.

### I. A Prevailing Defendant Can Be Awarded Attorney's Fees Under § 1988 Only If it Is Proven That the Plaintiff's Claims Were Frivolous, Unreasonable or Without Foundation

"Our laws encourage individuals to seek relief for violations of their civil rights, and allow a defendant to recover fees and costs from a plaintiff in a civil rights case only 'in exceptional circumstances' in which the plaintiff's claims are 'frivolous, unreasonable or without foundation.'" (*Harris v. Maricopa County Superior Court*, 631 F.3d 963, 967 (9th Cir. 2011); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-422 (1978); *see also Hughes v. Rowe*, 449 U.S. 5 (1980) (adopting same standards for successful § 1983 defendants); *Chavez v. City of Los Angeles*, 47 Cal.4th 970, 985 (2010) (Because the language, purpose, and intent of California and federal anti-discrimination acts are virtually identical, California courts have adopted the methods and principles developed by the federal courts in employment discrimination claims.).) This standard is a "stringent" one. (*Hughes,* 449 U.S. at 14; *see also Jones v. Continental Corporation*, 789 F.2d 1225, 1232 (6th Cir. 1986) (An award of attorneys' fees against a losing plaintiff in a civil rights action "is an extreme sanction, and must be limited to truly egregious cases of misconduct.") and *EEOC v. L.B. Foster Co.*, 123 F.3d 746, 751 (3rd Cir. 1997) (Fees to a prevailing Defendant "are to be sparingly awarded.").) In applying these criteria, the U.S. Supreme Court cautioned:

> it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial.

> The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. (*Christiansburg*, 434 U.S. *supra at* 421-22.)

## II. Defendants Carry the Burden of Establishing an Entitlement to Attorneys' Fees And Must Meet the Standards Promulgated by the Supreme Court in *Fox* and the Ninth Circuit in *Harris*

"The burden of establishing entitlement to an attorneys fees award lies solely with the claimant." (*Trustees of Directors Guild of America–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 427 (9th Cir. 2000), *citing Hensley v. Eckerhart,* 461 U.S. 424, 437 n. 12.) Because only fees "attributable exclusively to plaintiff's frivolous claims" are recoverable by a prevailing defendant, the defendant bears the burden of establishing that the claimed fees were in fact incurred solely by virtue of the need to defend against frivolous claims. (*Harris*, 631 F.3d *supra at* 972; *see also Fox v. Vice,* 131 S.Ct. 2205, 2218 (2011) (defendants in civil rights actions are entitled to attorneys' fees under 42 U.S.C. § 1988 only for costs that the defendant would not have incurred but for any frivolous claims).) However, a defendant must not only demonstrate that claimed attorneys' fees are distinctly traced to a plaintiff's frivolous claims, the defendant must show that the work would not have been performed but for the inclusion of the frivolous claims in the complaint. (*Id.*) To do otherwise, the Ninth Circuit held, "would be to risk requiring a plaintiff to pay defendants' attorneys fees incurred defeating his nonfrivolous civil rights claims, an outcome barred by our precedent and that of the Supreme Court." (*Id.*)

The Ninth Circuit's decision was crystal clear on this point: "To reiterate, the only fees that may be awarded are those incurred for work performed exclusively in order to provide a defense against claims for which fees are permissible. If defendants do not demonstrate that the work would not have been performed in order to defend against the nonfrivolous civil rights, or to put it differently, but for the need to defend against the frivolous claims, fees associated with that work cannot be awarded, *even in part.*" (*Harris,* 631 F.3d at 973 (*emphasis added*).) Recent Supreme Court law emphasized the same principle: "if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." (*Fox,* 131 S.Ct. at 2215).

## III. Defendant County Has Not Established an Entitlement to Attorneys' Fees under 42 U.S.C. § 1988

### A. Defendant County Was Not a Prevailing Party with Respect To Ms. Davis' FEHA Retaliation Claim and Thus Cannot Establish an Entitlement to Fees

Defendant County's request for fees based on the California Fair Employment and Housing Act (hereinafter "FEHA") retaliation claim Ms. Davis brought in her April 4, 2007 complaint is disingenuous at best. Defendant County is not a prevailing party with respect to this claim because Defendant County was not served with this initial complaint. Rather, the claim to which Defendant County now contends to have prevailed against was dropped before it even became a party to the suit. (*See, e.g.*, Federal Rule of Civil Procedure "FRCP" 41(a) (allowing plaintiff to dismiss claims before opposing party files an answer or motion for summary judgment).) Even if Defendant County was a prevailing party and Ms. Davis' initial complaint included a frivolous FEHA retaliation claim, Defendant County has not and cannot meet its burden of distinguishing the work it contends was done solely by virtue of its need to defend against this claim. (*Harris*, 631 F.3d *supra at* 972.) In fact, Defendant County did not accrue <u>any</u> fees defending against this claim as evidenced by defense counsel's billing statements which begins accruing fees on August 2, 2007 - the same day that Ms. Davis' filed her First Amended Complaint which dropped the FEHA retaliation claim.[1] Defendant County's claim for attorneys fees must be denied.

### B. Defendant County Has Not Established an Entitlement to Fees Based on Ms. Davis' FEHA Aiding & Abetting Claims

"A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.' (*Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003), *citing McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981).) At the time of Ms. Davis'

---

1/ Attorney Fania Davis entered into a retainer agreement with Ms. Davis to litigate her claims days before Ms. Davis' statute of limitations was to run on April 4, 2007. Attorney Davis filed the April 4, 2007 complaint solely to protect Ms. Davis' right to sue. (*See* Declaration of Fania Davis In Support of Plaintiff's Opposition to Defendants' Motion for Attorneys' Fees (hereinafter "Davis Decl.") @ 2:6-14.) Once Attorney Davis completed interviews and reviewed relevant documents, she filed a First Amended Complaint on August 2, 2007, wherein certain claims were dropped, including the FEHA retaliation claims. (*Id.*) Defendant County was served with the First Amended Complaint in August 2007.

complaint, there was one California Court of Appeal case in the First District which held that a public entity is not a person under the FEHA. (*See Vernon v. State of California*, 116 Cal.App.4th 114 (2004); *see also* Davis Decl. @ 2:21-23.) Thus, contrary to Defendant County's arguments, Ms. Davis' FEHA aiding and abetting claims were not *wholly* without merit because the law was not firmly established. Since the California Supreme Court nor the California state legislature had not, and has not affirmed that a public entity is not a person under the FEHA, these claims cannot be said to be *wholly* without merit. (*See, e.g.*, *Taylor AG Industries v. Pure-Gro*, 54 F.3d 555, 563 (9th Cir. 1995) (although the law was clearly established by the Supreme Court and seven other courts of appeal, since "this circuit has never spoken on this issue, [] Appellants' argument cannot be characterized as 'wholly without merit.' An award of attorney's fees is not appropriate.").)

Even if Ms. Davis' FEHA aiding and abetting claims were deemed frivolous, attorneys' fees cannot be awarded because Defendant County has failed to identify fees that are attributable exclusively to these claims. (*Harris*, 631 F.3d *supra at* 972.) Instead, Defendant County seeks "fees for hours spent exclusively on the County's behalf . . . [,] one-third of the remainder of the hours spent from the beginning of this litigation through the summary judgment ruling . . . [and] one-half of the remainder of the hours spent on behalf of the County and Griffith." (Doc. No. 277 @ 8:6-9.) However, when a defendant's fees are shifted onto a civil rights plaintiff, "the pro-rata allocation of general fees between claims for which a fee award is appropriate and claims for which such an award is not appropriate, based solely on the number of claims, is impermissible." (*Harris*, 631 F.3d *at* 972.) This same logic holds true for the pro-rata allocation of fees based solely on the number of defendants because <u>only</u> fees "attributable *exclusively* to plaintiff's frivolous claims" are recoverable by a prevailing defendant. (*Id.*, *see also Fox*, 131 S.Ct. *supra at* 2218 ("In a suit of this kind, involving both frivolous and non-frivolous claims, a defendant may recover the reasonable attorney's fees he expended solely because of the frivolous allegations. And that is all.").)

Not only has Defendant County failed to distinguish which work was attributable exclusively to the particular aiding and abetting claims in question, Defendant County has not and cannot "demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of the frivolous claims in the complaint." (*Harris,* 631 F.3d *supra*

*at* 972; *Fox*, 131 S.Ct. *supra at* 2218.) Defendant County would be hard pressed to argue that it would not have had to spend the same hours reviewing and researching the complaint, drafting an answer, preparing for and engaging in written discovery, taking and defending the same depositions since all of Ms. Davis' causes of action arose out of "one densely interconnected set of events." (*Finkelstein v. Bergna*, 804 F.Supp. 1235, 1250-1253 (N.D. Cal. 1992).) Indeed, if there is any overlap between frivolous and non-frivolous claims, then Defendant County cannot recover anything. (*Fox*, 131 S.Ct. at 2217.)

Attorneys' fees are also unwarranted because while Defendant County now makes a big ado about Ms. Davis' aiding and abetting claims, it did not take any prompt actions to mitigate its fees. (*Harris,* 631F.3d at 979 (it was unreasonable for the defendants to seek, and for the district court to grant, substantial attorney's fees on the ground that plaintiff failed to plead a required element of his claim when defendants failed to challenge the pleading as insufficient at an earlier point in the proceedings); *see also Leffler v. Meer*, 936 F.2d 981, 987 (7th Cir. 1991) (Implicit in the reasonableness requirement for an award of attorney fees under § 1988 is the duty to mitigate legal fees by *promptly*, where possible, disposing of baseless claims through summary procedures.).)

As the Court in *Leffler* explained:

> While there was no formal duty on the part of the [defendants] to file such motions [to dismiss or for summary judgment], we do not believe it is appropriate for a section 1983 defendant who believes he has been improperly joined in litigation (and will thereafter be entitled to prevailing party attorney's fees) to increase his attorney's fees by awaiting trial to present his defenses, and then seek payment of those augmented fees by plaintiff. When a defendant seeks prevailing party attorney's fees the plaintiff should not be penalized for the defendant's failure to mitigate the amount of his attorney's fees.

(936 F.2d at 987.) If Defendant County believed Ms. Davis' claims were truly frivolous from the inception of this litigation, Defendant County could have filed a Rule 12(b)(6) motion to dismiss, or, at a minimum, narrowed the issues through informal discussions with counsel to induce voluntary dismissal. Defendant County did not do so, and in fact did not even raise this defense in its answer to Ms. Davis' First or Second Amended Complaints. Instead, Defendant County continued to engage in discovery and chose to wait nearly four years to seek summary judgment - in essence litigating these claims as if they had merit. Ms. Davis should not be penalized for

Defendant County's failure to mitigate the amount of its attorneys' fees. Defendant County's request for attorneys' fees must be denied, at least for lack of reasonableness.

**C. Ms. Davis' 42 U.S.C. §§ 1983 & 1985 Claims Against Defendant County Were Not Frivolous, Unreasonable Or Groundless and Thus Defendant County Cannot Establish An Entitlement to Fees**

There is a difference between an unreasonable, frivolous, or baseless claim and an unsuccessful one. The mere fact that Defendant County was successful in defending against Ms. Davis' 42 U.S.C. §§ 1983 and 1985 claims does not make Defendant County a prevailing party eligible for attorneys' fees. (*Vernon v. City of Los Angeles*, 27 F.3d 1385 (9th Cir. 1994).) A losing § 1983 claim is without merit only if it is "groundless or without foundation" or "when the result appears obvious or the arguments are wholly without merit." (*Gibson v. Office of Atty. Gen., State of Cal.*, 561 F.3d 920, 925 (9th Cir. 2009), *citing Christiansburg*. 434 U.S. *supra at* 421; *see also Karam,* 352 F.3d *supra at* 1195; *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007).) "Patterns developed in these cases indicate that either the plaintiff's conduct was egregious or that his or her case was patently baseless for objective reasons." (*Cummings v. Benco Building Services*, 11 Cal.App.4th 1383, 1389-1390 (1992) (denying prevailing defendant an award of attorneys' fees because, for example, plaintiff was neither charged with nor accused of perjury nor were plaintiff's causes of action obviously contrary to undisputed facts or well established legal principles specifically precluding recovery for the type of injury alleged.).)

This *stringent* standard for a finding of frivolousness has not been met. Ms. Davis' inability to defeat summary judgment on her 42 U.S.C. §§ 1983 & 1985 claims did not mean that her claims were *from the outset* groundless, obvious or wholly without merit. (*Karam*, 352 F.3d at 1196.) This Court dismissed Ms. Davis §§ 1983 & 1985 claims on summary judgment not because they were legally defective from the outset, but because Ms. Davis simply failed to produce sufficient evidence to uphold these claims. (*Id.*, *citing Mitchell v. Office of Los Angeles County*, 805 F.2d 844, 847 (9th Cir. 1986) ("There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial.").) As the Ninth Circuit has advised, to justify an award of attorneys' fees to a prevailing

defendant, "the district court . . . would have had to find not that the [Plaintiff] failed to present credible evidence . . . but that the [Plaintiff] should have anticipated at the outset that none of its evidence . . . was credible." (*EEOC v. Bruno's Restaurant*, 13 F.3d 285, 290 (9th Cir. 1993).)

After careful consideration of the evidence Ms. Davis produced in her opposition and supplemental opposition to Defendants' motion for summary judgment, the Court decided that Ms. Davis had failed to produce enough evidence to raise a triable issue of fact. (*See* Doc. No 94 @ 9:23-10:10, 12:8-11and 13:13-15; *see also Hughes*, 449 U.S. *supra at* 15 ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*."); *Cummings*, 11 Cal.App.4th *supra at* 1390, *citing White v. South Park Independent School Dist.*, 693 F.2d 1163 (5th Cir. 1982) (plaintiff failed to produce any evidence of racial discrimination yet suit not so frivolous, unreasonable or without foundation to warrant an award of attorney fees to defendant).) Contrary to Defendant County's argument, Ms. Davis did produce some meaningful evidence in her Supplemental Memorandum which could have, perhaps with more evidence, shown that a policymaker knew of the retaliation or discrimination and actually approved it.[2] (*See* Doc. No. 94 @ 10:6-8.) Thus, this is not a situation where Ms. Davis' claims should have never been brought. It is simply a routine case where Ms. Davis merely failed to achieve success. (*Cummings*, 11 Cal.App.4th *supra at* 1390.) "As the Supreme Court cautioned, this fact should not automatically entitle a prevailing defendant to fees and costs or otherwise only those plaintiffs with the most airtight cases will risk bringing suit to enforce antidiscrimination legislation." (*Id., citing Christianburg,* 434 U.S. *supra at* 422.) Defendant County's request for attorneys' fees must be denied because Ms. Davis' claims were not wholly without merit.

Even if Ms. Davis' 42 U.S.C. §§ 1983 and 1985 claims against the County were frivolous,

---

2/ For example, Ms. Davis pointed to evidence showing that memoranda discussing the actions to be taken against Ms. Davis went up the chain of command and were reviewed by the Sheriff's Department decision makers; that Defendant Ayala held several meetings with command staff about the need to take action against Ms. Davis; and that Captain Wilkinson both instructed Defendant Ayala to document instances of Ms. Davis' alleged misconduct and stated that they would "continue to monitor this situation closely."

unreasonable or groundless, Defendant County would still not be entitled to fees because it has not met its burden of establishing that the claimed fees are attributable exclusively to the §§ 1983 and 1985 claims. (*Fox*, 131 S.Ct. *supra at* 2214- 2216, 2218.) Defendant County instead supports its fee request with its counsel's arbitrary and unsubstantiated estimate that counsel's pro-rata division of fees among defendants accurately reflects the work performed *solely* on the §§ 1983 and 1985 claims. Furthermore, Defendant County has not and cannot demonstrate that the work for which it asserts that it is entitled to fees would not have been performed but for the inclusion of these claims in the complaint. (*Harris*, 631 F. 3d *supra at* 972.) Since Defendant County has failed to shoulder its burden, it is not entitled to any fees. (*Id.*)

## IV. Defendant Griffith Has Not Established an Entitlement to Attorneys Fees under 42 U.S.C. § 1988

### A. Defendant Griffith Was Not a Prevailing Party With Respect to Ms. Davis' FEHA Retaliation Claim and Thus He Cannot Establish an Entitlement to Fees

As with Defendant County's fee request in relation to the FEHA retaliation claim brought in Ms. Davis' original April 4, 2007 complaint, Defendant Griffith's fee request must also be denied. Defendant Griffith was not served with the original complaint, and the FEHA retaliation claim contained therein was dropped in Ms. Davis' First Amended Complaint. Since Defendant Griffith was not a party to the action when the claim was dropped, he cannot be a prevailing party. Even if Defendant Griffith was considered a prevailing party and Ms. Davis' initial complaint included a frivolous FEHA retaliation claim, Defendant Griffith has not and cannot meet his burden of showing which work he contends was done solely by virtue of his need to defend this claim - since no work was done. (*Harris*, 631 F.3d at 672.) Defendant Griffith's fee request must be denied.

### B. Ms. Davis' Claims of Aiding and Abetting Discrimination & Retaliation Against Defendant Griffith Were Not Frivolous, Unreasonable or Groundless, and Thus He Cannot Establish an Entitlement to Fees

"A case may be deemed frivolous only when the 'result is obvious or the . . . arguments of error are wholly without merit.' (*Karam*, 352 F.3d *supra at* 1195, *citing McConnell*, 661 F.2d *supra at* 118.) Contrary to Defendant Griffith's arguments, Ms. Davis' FEHA aiding and abetting discrimination and retaliation claims were not without merit. In fact, it is clear under Government

Code §12940(i) that individuals can be held liable for *aiding and abetting* discrimination under FEHA. There is nothing in the case law cited by Defendant Griffith that holds to the contrary. (*See Janken v. G.M. Hughes Electronics*, 46 Cal.App.4th 55 (1996); *Jones v. The Lodge at Torrey Pines Partnership*, 42 Cal. 4th 1158, 1164 (2008).) In fact, *Vernon*, 116 Cal.App.4th *supra at* 135 confirmed this when the court specifically stated that "[t]he 'aid and abet' language of section 12940, subdivision (i) 'makes it unlawful, for example, for third parties . . . to induce or coerce prohibited discrimination or harassment." (*Id.*, *citing Reno v. Baird*, 18 Cal.4th 640, 655 (1988).)

While Defendant Griffith and the Court are correct that "individuals are not liable for discrimination or retaliation under FEHA," (Doc. No. 94 @ 5:26 and Doc. 277 @ 10:11-12), *Reno* and *Vernon* make it clear that aiding and abetting conduct committed by individuals, who are not supervisors or agents of the employer (*i.e.*, third parties), can give rise to a viable claim.[3] Defendant Griffith was sued in his individual capacity, as a third party, non-agent of PHS. He could have very well been held liable for aiding and abetting PHS' acts of discrimination and retaliation. (*See* Davis Decl. @ 2:15-20; *see also Vernon*, 116 Cal.App.4th at 135.) Ms. Davis' claims for aiding and abetting against Defendant Griffith were far from frivolous. They were solid and meritorious. Just because the Court did not agree, does not mean Ms. Davis' claims were without merit. (*Hughes*, 449 U.S. *supra at* 14 ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.").)

---

3/ This distinction becomes clear when examining the public policy behind the courts refusal to extend personal liability to supervisors for discrimination, but not for harassment and aiding and abetting. The *Janken* and *Reno* courts expressed the opinion that imposing personal liability on individual supervisory employees would impair the exercise of supervisory judgment, creating conflicts of interest and chilling effective management. (*Janken*, 46 Cal.App.4th at 72; *Reno,* 18 Cal.4th at 651-652.) The courts reasoned that holding supervisory employees liable "would coerce the supervisory employee not to make the optimum lawful decision for the employer. Instead, the supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended. The employee would thus be placed in the position of choosing between loyalty to the employer's lawful interests at severe risk to his or her own interests and family, versus abandoning the employer's lawful interests and protecting his or her own personal interests." (*Janken*, 46 Cal.App.4th at 74; *Reno,* 18 Cal.4th at 653.)

Furthermore, contrary to Defendant Griffith's contentions, the law as to whether individuals could be held liable for acts of retaliation under FEHA was not well established at the time of Ms. Davis' complaint in April 2007. In disposing of Ms. Davis' aiding and abetting retaliation claim, the Court relied on *Jones*, 42 Cal.4th *supra at* 1164, which was notably decided in March of 2008. *Jones* superseded a long line of California state and federal cases which expressly held that individuals could be held liable for acts of retaliation under the FEHA. (*See, e.g., Taylor v. City of Los Angeles Dept. of Water and Power*, 144 Cal.App.4th 1216 (2006); *Walrath v. Sprinkel*, 99 Cal.App.4th 1237, 1242 (2002); *Winarto v. Toshiba America Electronics Components*, 274 F.3d 1276, 1288 (9th Cir. 2001); *Liberto–Blanck v. City of Arroyo Grande* 33 F.Supp.2d 1241, 1244 (C.D.Cal. 1999).) Attorneys' fees should be denied where the applicable law was unsettled at the relevant time. (*Galen*, 477 F.3d *supra at* 667; *see also Karam,* 352 F.3d *supra at* 1195 ("A case is less likely to be considered frivolous when there is very little case law directly apposite.") and *International Brotherhood of Teamsters v. Silver State Disposal Serv., Inc.*, 109 F.3d 1409, 1412 (9th Cir. 1997) (refusing to award fees and costs because of the lack of case law defining the precise contours of the exceptions to the doctrine of functus officio).)

### C. Defendant Griffith Was Not a Prevailing Party With Respect to Ms. Davis' § 1983 Race & Gender Claims Nor the §§ 1983 and 1985 Conspiracy Claims and Thus He Cannot Establish an Entitlement to Fees

Defendant Griffith relies heavily on *Dean v. Riser*, 240 F.3d 505 (5th Cir. 2001) for the proposition that he is considered a prevailing party with regards to Mr. Davis' voluntarily dismissed claims. However, Defendant Griffith's analysis of this Fifth Circuit case law is wholly inaccurate. In *Dean*, the court held that when a plaintiff voluntarily dismisses her claims in a § 1983 action, the defendant is not a "prevailing party" for attorneys' fees purposes "unless the defendant can demonstrate that the plaintiff withdrew to avoid a disfavorable judgment on the merits." (*Id*. at 511.) "Once this affirmative determination has been made, the defendant must then establish that the plaintiff's suit was frivolous, groundless, or without merit." (*Id*. ("Our holding does not alleviate or displace a prevailing defendant's burden of showing that the plaintiff's action was vexatious, frivolous, or without foundation . . . because the mere dismissal of the plaintiffs suit will not

*establish* that the underlying claim was frivolous, unreasonable, or groundless." (Internal cities omitted)).) Instead of demonstrating these necessary elements with valid evidence, Defendant summarily quotes an irrelevant and out-of-context statement from Ms. Davis' counsel to conclude that "[i]f as Fania Davis stated, the 'odds of losing were great . . .'[4] the claims must have been frivolous, unreasonable, or without merit" and "clearly, the plaintiff dismissed those claims to avoid losing them at trial." These conclusions are clearly speculative, argumentative, and wholly without merit.

In *Fox v. Vice*, 594 F.3d 423, 426-427 (5th Cir. 2010), *overturned on other grounds in Fox v. Vice*, 131 S.Ct. 2205 (2011), the Fifth Circuit revisited *Dean* and held that defendants were prevailing parties because:

> Fox allowed the case to proceed for more than eighteen months in federal court and through considerable discovery before he was challenged on the legal sufficiency of his federal claims. At that point, Fox was forced to concede their lack of legal merit and shifted focus to his state claims. Therefore, any decision Fox made to abandon his federal claims did not "merely indicate [ ] his preferred forum," or a change in the law or decisive facts. Rather, it represented recognition that Fox's federal claims should never have been brought. Moreover, without decisive action by Appellees, Fox's baseless federal claims would have proceeded to trial. He chose to dismiss the federal claims because he could manufacture no argument to support them when he was challenged.

(*Id.*) Ms. Davis' situation is distinguishable. She did not ever concede that any of her race, gender or conspiracy claims lacked merit nor has there ever been any indication that those claims should never have been brought. While Defendant mightily down plays Ms. Davis' success on summary judgment on all of these claims, the fact remains that as this Court determined that Ms. Davis had shown that "a reasonable jury could find that Ayala and Griffith acted 'with intent or purpose to discriminate against' plaintiff because she is an African-American woman" and "that PHS, Griffith, and Ayala worked together to discriminate against her and deprive her of the equal protection of law, and that racist and gender-based animus could have motivated their actions." (Doc. No. 94 @

---

4/ Attorney Davis' comments were made in the context of Ms. Davis' Attorneys' Fee Motion and in direct connection with the requisite lodestar factors. The comment referred specifically to the litigation as a whole and was meant as evidence of the difficulty and undesirability of civil rights cases in general.

11:6-7 and 13:2-4.) Despite Defendant Griffith's contention, Ms. Davis' decision to voluntarily dismiss her race, gender or conspiracy claims was based solely on her counsel's litigation strategy to streamline the case. This strategy was based in part on the fact that a favorable verdict on any of these claims would have still entitled Ms. Davis to only one damage award. Ms. Davis' decision was a legitimate litigation strategy that had nothing to do with the merits of the claims. (*Dean,* 240 F.3d *supra at* 510.)

Not only can Defendant Griffith not show that Ms. Davis dismissed her race, gender or conspiracy claims to avoid a disfavorable judgment on the merits, he cannot show that these claims were frivolous, unreasonable or groundless. The mere fact that all of these claims survived summary judgment indicates that the claims were not without merit. (*Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1041 (9th Cir. 1990) (denials of motions to dismiss and summary judgment may suggest that a plaintiff's claims are not without merit). Defendant Griffith's reliance on *Bond v. Pulsar Video Productions*, 50 Cal.App.4th 918, 923-924 (1996) is inapposite because in *Bond*, "the trial court denied [defendant's] summary judgment motion on procedural grounds." As the Court reasoned, "[s]uch a ruling does not address the legitimacy or reasonableness of the underlying facts supporting the cause of action." (*Id.*) Here, after careful review of the legitimacy and reasonableness of the underlying facts and evidence submitted by Ms. Davis, the Court concluded that contrary to Defendants' assertions a reasonable jury could find in Ms. Davis' favor on all of these claims. (Doc. No. 94 @ 11:6-7, 12:4-7 and 13:2-4.) Lastly, this is not a case where Ms. Davis' conduct was egregious (*i.e.*, she was not charged with perjury) or where her case was patently baseless for objective reasons (*i.e.*, not obviously contrary to undisputed facts or well established legal principles). A finding of frivolousness is not warranted, and as such Defendant Griffith's request for attorneys' fees should be denied.

### D. Defendant Griffith Has Not Established an Entitlement to Fees Based on Ms. Davis' § 1983 Retaliation Claim

42 U.S.C. § 1988(b) generally does not support a fee award for a claim that was submitted to the jury. In fact, a trial court errs by basing its decision to award fees to a prevailing defendant under § 1988 on *post hoc* consideration of a jury verdict. (*Harris*, 631 F.3d *supra at* 979, *quoting*

*Christiansburg,* 434 U.S. *supra at* 421-422; *see also Brooks v. Cook*, 938 F.2d 1048, 1054-55 (9th Cir. 1991).) In *Christiansburg*, the Supreme Court cautioned that district courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." (*Christiansburg*, 434 U.S. *supra at* 421–22.) Defendant Griffith urges this Court to do exactly what the Supreme Court has warned against - engage in *post hoc* consideration of the jury verdict.

Contrary to Defendant Griffith's contention, just because the jury found in his favor does not mean that the jury found Ms. Davis' claim to be wholly or utterly without merit. In fact, such a conclusion would be wholly against the record. Not only did Ms. Davis' § 1983 retaliation claim survive summary judgment, it also survived Defendant Griffith's Rule 50 motion, which was denied shortly before the case was submitted to the jury. (*Brooks*, 938 F.2d at 1055, *citing Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987) ("A court should be particularly chary about awarding attorney's fees where the court is unable to conclude that the action may be dismissed without proceeding to trial."); *Soderbeck v. Burnett County*, 752 F.2d 285, 295 (7th Cir. 1985), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 261 (1985) (If the plaintiff succeeded in making out a case strong enough to withstand a motion for directed verdict, the case was not frivolous.) In rejecting Defendant Griffith's arguments that Ms. Davis had not met her burden of proof that he violated her First Amendment rights and that he was entitled to qualified immunity, this Court essentially observed that a reasonable jury could find in Ms. Davis' favor on the evidence that was presented during trial. That the jury did not agree, does not mean Ms. Davis' claims were without merit. (*See Christiansburg,* 434 U.S. *supra at* 421-422.) A finding of frivolousness is simply not supported by the record and Defendant Griffith's request for fees must be denied.

### E. Defendant Griffith Has Not Met His Burden Under *Harris* nor *Fox*

Aside from the fact that Defendant Griffith has not established that any of Ms. Davis' claims were frivolous, unreasonable or without merit, he has also failed to meet his burden of establishing that the claimed fees are attributable exclusively to Ms. Davis' so-called frivolous claims. (*Fox*, 131 S.Ct. *supra at* 2214- 2216, 2218.) Instead, Defendant Griffith supports his fee request with his

counsel's arbitrary and unsubstantiated estimate that counsel's pro-rata division of fees among defendants accurately reflects the work performed *solely* on those so-called frivolous claims. Furthermore, Defendant Griffith has not and cannot meet his burden of demonstrating that the work for which he asserts he is entitled to fees would not have been performed but for the inclusion of these claims in the complaint. (*Harris*, 631 F. 3d *supra at* 972.) Since Defendant Griffith has failed to shoulder his burden on every front, he is not entitled to fees. (*Id.*)

**V. Defendants Are Not Entitled to Litigation Costs Since They Are Not Entitled to Attorneys' Fees**

In *Harris*, the Ninth Circuit held that the district court erred by awarding expenses with respect to claims for which no award of attorneys' fees were appropriate. (*Harris*, 631 F.3d *supra at* 980.) The Court reasoned that since "expenses are recoverable only as 'part of the award of attorney's fees,' defendants may recover their out-of-pocket expenses only with respect to claims for which attorney's fees were recoverable - in other words, [plaintiff's] frivolous claims." (*Harris*, 631 F.3d *supra at* 980, *citing Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).) Since Defendants have not shown that any of Ms. Davis' claims were frivolous, an award of both fees and cost would be against Ninth Circuit precedent. To the extent the Court finds that any of Ms. Davis' claims were frivolous, Defendants have not demonstrated that the cost for which it asserts that it is entitled to would not have been incurred but for the inclusion of the frivolous claims in the complaint. (*Id.* at 927; *Fox*, 131 S.Ct. at 2218.) Defendants' request must be denied.

**VI. Defendants Are Not Entitled to Fees for Bringing Their Motion for Attorneys' Fees and Cost since They Are Not Entitled to Attorneys' Fees**

A fee request for preparing a motion for attorneys fees under 42 U.S.C. §§ 1988(b) and 2000e–5(k) is subject to the same reasonableness determination as all other attorney's fees awards, including considering the results obtained by the party seeking the award. (*Harris*, 631 F.3d *supra at* 980, *citing Blanchard v. Bergeron,* 489 U.S. 87, 91 n. 5 (1989).) Given that Ms. Davis was not frivolous, unreasonable, or without foundation in her action against either Defendant, and neither Defendant has established an entitlement to the attorneys' fees they claim, an award of fees for bringing this motion is not warranted.

**CONCLUSION**

For the foregoing reasons, Ms. Davis respectfully requests that Defendants' Motion for Attorneys' Fees and Costs be denied in its entirety.

Dated: March 30, 2012

PRICE AND ASSOCIATES

/s/ *Terina M. Williams*
TERINA M. WILLIAMS, Attorneys for Plaintiff
FREDDIE M. DAVIS