IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE M. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>PRISON HEALTH SERVICES, *et al.*,<br><br>    Defendants.<br>_____/ | No. C 09-2629 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND DENYING DEFENDANT'S MOTION FOR A NEW TRIAL** |

On February 17, 2012, the Court held a hearing on various post-trial motions. For the reasons set forth below, the Court DENIES defendant's motion for judgment as a matter of law and DENIES defendant's motion for a new trial.[1]

**BACKGROUND**

On April 4, 2007, plaintiff filed a complaint in state court against Prison Health Services ("PHS"), several PHS employees, the County of Alameda, Captain James E. Ayala, and Lieutenant Griffith, alleging violations of state law. Plaintiff filed a first amended complaint in August 2007, and a second amended complaint on May 14, 2009. The second amended complaint alleged violations of 42 U.S.C. §§ 1983 and 1985, in addition to violations of state law, and defendants removed this case to federal court on the basis of the newly alleged federal claims. The second amended complaint alleged

---

[1] On February 17, 2012, the Court also held a hearing on defendant's motion for credit on the judgment and plaintiff's motion for pre-judgment interest. The motion for credit on the judgment raises some issues related to attorneys' fees, and thus the Court will issue a separate order on those motions after the Court hears argument on the attorneys' fees motions.

various claims for race and gender discrimination, as well as claims for violations of plaintiff's rights under the First Amendment.

In May 2011, plaintiff settled with the PHS defendants, and the Alameda County defendants filed a motion for summary judgment. The Court granted summary judgment in favor of the County of Alameda, and granted summary judgment in favor of Ayala and Griffith on some, but not all, of plaintiff's claims.

A jury trial was held from November 28, 2011 to December 15, 2011. Prior to trial, plaintiff dismissed her race and gender discrimination claims against Ayala and Griffith. Plaintiff proceeded to trial on her § 1983 First Amendment retaliation claim, as well as her claim that Ayala and Griffith conspired with PHS to deprive plaintiff of her First Amendment rights. During the jury instruction conference, plaintiff decided to dismiss the conspiracy claim, and thus only the § 1983 retaliation claim was submitted to the jury. The jury found against plaintiff on her retaliation claim against defendant Griffith, but found that plaintiff had proven that defendant Ayala retaliated against her for the exercise of her First Amendment rights. The jury awarded plaintiff $528,957 in damages, consisting of $320,157 in back pay, $8,800 in medical expenses, and $200,000 for non-economic damages.

Now before the Court are the parties' post-trial motions.

**DISCUSSION**

**I.      Defendant Ayala's motion for judgment as a matter of law**

**A.      Legal standard**

In reviewing a renewed motion for judgment as a matter of law, the Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Id*. The question is whether there is substantial evidence to support the jury finding for the non-moving party. *See Johnson v. Paradise Valley Unified Sch. Dist*., 251 F. 3d 1222, 1227 (9th Cir. 2001). In ruling on such a motion, the trial court may not weigh the evidence or assess the credibility of witnesses in determining whether substantial evidence exists to support the verdict. *See Mosesian*

*v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873, 877 (9th Cir. 1984). Substantial evidence is more than a scintilla of evidence. *See Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *Chisholm Bris. Farm Equip. Co. v. Int'l Harvester Co.*, 498 F.2d 1137, 1140 (9th Cir. 1974). Rather, it is defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence. *See Landes Constr. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

### B. Discussion

Defendant contends that "plaintiff should have been considered a public employee, failed to present sufficient evidence to prove that her conduct was protected by the First Amendment, and failed to present sufficient evidence to prove that she was subjected to adverse employment action." Motion at 1:7-10. Defendant also contends that he was entitled to qualified immunity for his conduct.

The Court has already addressed these arguments.[2] *See* Order dated December 12, 2011 ("The Court finds it is not appropriate to extend the public employee First Amendment framework on these facts.") (Docket No. 173); Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment; Granting Defendants' Motion to Compel Discovery of Settling Defendants' Settlement Agreement at 13. ("Since a 'reasonable person would have known' that trying to terminate or help punitively transfer an employee because of such animus would cause constitutional injury to that employee, defendants are not entitled to qualified immunity.") (Docket No. 94). For the reasons stated in the Court's prior orders, the Court DENIES defendant's renewed motion for judgment as a matter of law.

## I1. Defendant Ayala's motion for a new trial

### A. Legal standard

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts

---

[2] The Court also finds that defendant Ayala adequately preserved his right to bring the Rule 50(b) motion.

3

of the United States." Rule 59 gives the trial judge the power to prevent a miscarriage of justice. *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246 ( 9th Cir. 1957). A new trial may be ordered to correct manifest errors of law or fact, but "the burden of showing harmful error rests on the party seeking the new trial." *Malhiot v. Southern Cal. Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984). A motion for new trial may invoke the court's discretion insofar as it is based on claims that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair . . . and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Where a movant claims that a verdict is against the clear weight of the evidence, a new trial should be granted where, after giving full respect to the jury's findings, the judge "is left with the definite and firm conviction that a mistake has been committed" by the jury. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371-72 (9th Cir. 1987).

The authority to grant a new trial under Rule 59 "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon*, 449 U.S. 33, 36 (1980) (per curiam); *see Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (trial court has "wide judicial discretion" in considering new trial motion). A trial court may grant a motion for a new trial if the verdict is "contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Roy v. Volkswagen of America, Inc*., 896 F.2d 1174, 1176 (9th Cir. 1990) (quoting *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976)). While the Court can weigh the credibility of witnesses,

> [A] decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter. Probably all that the judge can do is to balance these conflicting principles in the light of the facts of the particular case. If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

*Landes*, 833 F.2d at 1372 (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806, at 48-49 (1973)).

**B.     Discussion**

4

Defendant Ayala contends that a new trial is warranted because (1) the verdict against defendant Ayala was against the clear weight of the evidence; (2) the verdicts in favor of defendant Griffith and against defendant Ayala are inconsistent; (3) erroneous evidentiary rulings substantially prejudiced defendant Ayala; and (4) the damages award is excessive and unsupported.

### 1. Weight of the evidence

Defendant contends that plaintiff repeatedly lied in her testimony, and that plaintiff's lies violated defendant's right to due process. Motion at 6:19-20. Defendant identifies a number of statements that he contends were false, and then discusses the other evidence at trial that supposedly demonstrates the falsity of plaintiff's testimony. For example, defendant asserts that plaintiff lied when she testified that "Unit 9 was awful because the inmates were criminally insane and/or had HIV." *Id.* at 6:2-3. Defendant argues that the falsity of plaintiff's testimony is demonstrated by other witnesses' testimony that Unit 9 was no different than other units, or even a desirable place to work. Other allegedly false statements by plaintiff include such statements as "I always acted appropriately at work," "I never intimidated/attempted to intimidate a deputy/PHS employee/inmate," and "I never name dropped." Defendant also contends that many of plaintiff's witnesses helped the defense more than plaintiff, and that other witnesses "added nothing."[3]

Defendant has not shown that the verdict was against the clear weight of the evidence. As plaintiff notes, defense counsel cross-examined plaintiff over several days, and defendant's expert Dr. Lipian testified that it was his opinion that plaintiff was a narcissistic liar. The jury was instructed that in deciding the facts of the case, they might have to decide which testimony was credible and which was not. The Court finds that it was not unreasonable for the jury to believe plaintiff and her witnesses rather than defendant's witnesses, and that plaintiff produced sufficient evidence to support the jury's verdict against defendant Ayala. The Court does not "have a firm conviction that the jury has made a mistake." *Landes Const. Co., Inc.*, 833 F.2d at 1372.

---

[3] Defendant did not file a copy of the trial transcript in connection with the motion, and instead defendant has summarized and quoted the trial testimony based on defense counsel's memory of the trial.

5

### 2. Inconsistent verdicts

Defendant contends that the verdicts were inconsistent because "[t]he jury could only exonerate Lt. Griffith if it found that he did not participate in the alleged fraud. THE JURY SO FOUND. Therefore, the jury must have found that the memo and grievances were legitimate. If the basis of the June 28 recommendations was legitimate, then Capt. Ayala did not perpetrate a fraud." Motion at 19:10-13. Plaintiff responds that the verdicts are not inconsistent because the jury could have found that defendant Griffith's actions or intentions did not rise to the level of specific intent required in retaliation claims.

"A court may not disregard a jury's verdict and order a new trial until it 'attempt[s] to reconcile the jury's findings, by exegesis if necessary.'" *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1058-59 (9th Cir. 2003) (quoting *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962)). "Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way." *Atl. & Gulf Stevedores, Inc.*, 369 U.S. at 364. The Court agrees with plaintiff that the verdicts are consistent because the jury could have found that defendant Ayala's conduct was substantially motivated by plaintiff's protected activity, while finding that defendant Griffith's conduct was substantially motivated by the instruction of his superior, Ayala.

### 3. Erroneous evidentiary rulings

Defendant contends that the Court erroneously allowed the plaintiff to testify about a number of matters. Because defendant did not submit a trial transcript, the specific testimony and evidentiary rulings at issue are not before the Court, and thus it is difficult for the Court to evaluate defendant's evidentiary arguments. Defendant's motion generally objects to (1) plaintiff being permitted to testify about her participation in civil rights marches in 1962 or 1963, the alleged murder of her father, and "other related matters," Motion at 21:12-13; (2) plaintiff being permitted to testify "at length" about issues she and other nurses experienced with Sharon Gober, plaintiff's supervisor; and (3) plaintiff "essentially [being] allowed to testify that Capt. Ayala and Lt. Griffith solicited/ordered inmates and others to lie." *Id.* at 21:7-8. Defendant asserts that "[t]hese and similar absurdities were based wholly

6

on speculation and/or conjecture," *id*. at 21:11-12, and that much of this testimony should have been excluded pursuant to Rule 403.

Defendant has not shown any error in the Court's evidentiary rulings. The "trial court enjoys considerable discretion in determining whether to exclude evidence under Rule 403 for unfair prejudice." *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 690 (9th Cir. 2001). Plaintiff's testimony about her childhood was limited and admissible as background information, and the Court finds that defendant was not prejudiced by this testimony. Defendant concedes that the testimony about Sharon Gober was relevant, as it was the issues with Ms. Gober that prompted the nurses' petition and defendant Ayala's threat to revoke the nurses' security clearances. As to plaintiff's "speculative" testimony, defendant cross-examined plaintiff at length, and thus defendant had the opportunity to question plaintiff about the basis for her testimony.

### 4. Damages

Finally, defendant argues that the clear weight of the evidence fails to support the jury's damages award. Defendant argues that plaintiff's claimed damages "strain credulity" and that "the clear weight proved that she suffers from narcissistic personality disorder." Motion at 15:5. Defendant argues that the lost wages award is unsupported because "Lest the court forget, the plaintiff walked off the job on or about August 20-21, 2006." Motion at 22:27-28. Defendant contends that defense expert Dr. Lipian, who opined that plaintiff suffered from narcissistic personality disorder, was more credible than plaintiff's treating psychologist, Dr. Jenkins-Monroe, and defendant asserts that plaintiff's cross examination of Dr. Lipian was "unpersuasive." Defendant also questions why plaintiff did not call her primary care physician to the stand or introduce the chart of the primary care physician into evidence.

"A jury's finding of the amount of damages must be upheld unless the amount is clearly not supported by the evidence and is grossly excessive, monstrous, or shocking to the conscience." *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1501 (9th Cir. 1983). Under this standard, the Court finds that plaintiff presented sufficient evidence to support the jury's finding that defendant Ayala's retaliatory actions caused plaintiff to leave her employment and that she was not able to return. The jury's back pay award was supported by the testimony of Dr. Palfin, an economist. The Court also

7

finds that plaintiff presented sufficient evidence to support the jury's award of emotional distress damages through her own testimony, the testimony of her husband, and the testimony of Dr. Jenkins-Monroe.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment as a matter of law is DENIED and defendant's motion for a new trial is DENIED. Docket Nos. 217 & 218.

**IT IS SO ORDERED.**

Dated: May 2, 2012

SUSAN ILLSTON
United States District Judge